IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| Scott C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 18-04162-CV-C-NKL |
| | ) | |
| Riverview Gardens School District, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT MOTION FOR CONSENT ORDER AND JUDGEMENT

Come now Plaintiffs—Melissa C. on her own behalf and as Next Friend to Scott C., and

Rio M., on her own behalf and as Next Friend to Miles M.—and Defendants—the District's

Special Administrative Board ("SAB"), individual members of the District's SAB in their official

capacities (Lynn Beckwith Jr., Veronica Morrow-Reel, and Mark Tranel), individual District

administrators in their official capacities (Scott Spurgeon, Chaketa Riddle, and Andrea Woods),

the Missouri Department of Elementary and Secondary Education ("DESE"), and the Missouri

State Board of Education and its members in their official capacities (O. Victor Lenz Jr., Michael

W. Jones, Peter F. Herschend, Carol Hallquist, and Charles W. Shields)., through their respective

counsel, and jointly move this Court for entry of the proposed Consent Judgment. The District

and SAB are herein collectively referred to as the "District Defendants." Missouri DESE and the

Missouri State Board of Education are herein collectively referred to as the "State Defendants."

The District Defendants and the State Defendants are herein collectively referred to as the

1

"Defendants." The Plaintiffs and the Defendants are herein collectively referred to as the "Parties." In support, the Parties state:

1.     On August 13, 2018, Plaintiffs brought this action alleging that Defendants erected barriers to homeless students' enrollment, transportation, and participation in school and failed to provide those students a trauma-sensitive learning environment in violation of the McKinney-Vento Homeless Assistance Act, 42 U.S.C. 11431 et. seq., reauthorized in 2015 by Title IX, Part A of the Every Student Succeeds Act ("McKinney-Vento") and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

2.     The Parties agree that Plaintiffs' claims should be resolved without further litigation through the terms of a Consent Decree, as approved by the Court.

3.     The parties jointly request that this Court enter the proposed Consent Order and Judgment to which they have agreed.

4.     The Plaintiffs shall submit a motion for reasonable attorneys' fees and costs within ninety (90) days of the date the Court approves the Consent Order and Judgment.

5.     The proposed Consent Order and Judgment is attached hereto as Exhibit 1 and was emailed in Word format to the Court.

WHEREFORE the parties jointly move this court to enter the agreed upon Consent Order and Judgment.


January 31, 2020                                        Respectfully submitted,

2

*/s/ Mark Rosenbaum*
Mark Rosenbaum (admitted pro hac vice)
Amanda Savage (admitted pro hac vice)
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, CA 90005
Tel:  (213) 385-2977
Fax:  (213) 385-9089
mrosenbaum@publiccounsel.org
asavage@publiccounsel.org

*/s/ Luz María Henríquez*
Luz María Henríquez MO# 66783
Joel Ferber MO# 35165
Amanda M. Schneider MO# 59263
LEGAL SERVICES OF EASTERN
MISSOURI, INC.
4232 Forest Park Avenue
St. Louis, Missouri 63108
Tel:  (314) 534-4200
Fax:  (314) 534-1075
LMHenriquez@lsem.org
JDFerber@lsem.org
AJSchneider@lsem.org

*/s/ John C. Ulin*
John C. Ulin (admitted pro hac vice)
ARNOLD & PORTER
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel:  (213) 243-4228
Fax:  (213) 243-4199
John.Ulin@arnoldporter.com

Caitlin Martini Mika (admitted pro hac vice)
ARNOLD & PORTER
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Tel:  (312) 583-2434
Fax:  (312) 583-2534
Caitlin.Mika@arnoldporter.com


*Counsel for Plaintiffs*

*/s/ Michelle Basi*
Michelle H. Basi, MO #54943
James R. Layton, MO #45631
TUETH KEENEY
34 N. Meramec Avenue, Suite 600
St. Louis, MO 63105
Tel:  (314) 880-3600
Fax:  (314) 880-3601
mbasi@tuethkeeney.com
jlayton@tuethkeeney.com


*Counsel for District Defendants*


*/s/ Michael Pritchett*
Michael Pritchett, MO #33848
Assistant Attorneys General
ERIC SCHMITT
Attorney General
P.O. Box 899
Jefferson City, MO 65102
(573) 751-3424
(573) 751-9456 (Fax)
Michael.Pritchett@ago.mo.gov

*Counsel for State Defendants*

3

**CERTIFICATE OF SERVICE**

I, Luz María Henríquez, an attorney, hereby certify that on January 31, 2020, I caused a copy of the foregoing document to be filed via the Court's CM/ECF system, which will automatically serve and send e-mail notification of such filing to all registered attorneys of record.

/s/ Luz María Henríquez
Luz María Henríquez

# **EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| Scott C., et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-04162-CV-C-NKL |
| | ) |
| Riverview Gardens School District, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## CONSENT ORDER AND JUDGMENT

## I.    INTRODUCTION AND BACKGROUND

1.      Plaintiffs—Melissa C. on her own behalf and as Next Friend to Scott C., and Rio M., on her own behalf and as Next Friend to Miles M.—filed this action against the Riverview Gardens School District ("District"), the District's Special Administrative Board ("SAB"), individual members of the District's SAB in their official capacities (Lynn Beckwith Jr., Veronica Morrow-Reel, and Mark Tranel), individual District administrators in their official capacities (Scott Spurgeon, Chaketa Riddle, and Andrea Woods), the Missouri Department of Elementary and Secondary Education ("DESE"), and the Missouri State Board of Education and its members in their official capacities (O. Victor Lenz Jr., Michael W. Jones, Peter F. Herschend, Carol Hallquist, and Charles W. Shields).  The District and SAB are herein collectively referred to as the "District Defendants."  Missouri DESE and the Missouri State Board of Education are herein collectively referred to as the "State Defendants."  The District Defendants and the State Defendants are herein collectively referred to as the "Defendants."  The Plaintiffs and the Defendants are herein collectively referred to as the "Parties."

2.      Plaintiffs alleged that Defendants erected barriers to homeless students' enrollment, transportation, and participation in school and failed to provide those students a trauma-sensitive learning environment in violation of the McKinney-Vento Homeless Assistance Act, 42 U.S.C. 11431 et. seq., reauthorized in 2015 by Title IX, Part A of the Every Student Succeeds Act ("McKinney-Vento") and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

3.      In May 2019, the Parties entered into a Memorandum of Understanding (MOU), attached hereto as Exhibit A, that is binding on all parties and signed by Magistrate Judge Willie Epps, who served as a neutral mediator.  The MOU required the Defendants' expert (Ms. Patricia Julianelle) to review Defendants' policies and practices and to provide recommendations regarding compliance with McKinney-Vento, the Parties to then develop a plan to implement those recommendations, and the Parties to subsequently develop a consent decree based on the MOU and implementation plans.

4.      Pursuant to the MOU, on July 15, 2019, Ms. Julianelle issued a 23-page report with her extensive recommendations.  Ms. Julianelle issued supplementary reports relating to her recommendations and the development of the Defendants' implementation plans on August 23, 2019, September 25, 2019 and October 25, 2019.  She made recommendations relating to the District Defendants' identification, enrollment, transportation, dispute resolution, segregation, student discipline, trauma-sensitivity, school climate and training policies and procedures under McKinney-Vento.  Ms. Julianelle also made recommendations relating to the State Defendants' Tiered Monitoring Process, training and technical assistance, and dispute resolution policies and procedures under McKinney-Vento.

2

5.     The Parties developed the District Implementation Plan, attached hereto as Exhibit B, and the State Implementation Plan, attached hereto as Exhibit C (collectively, "Implementation Plans"), pursuant to the MOU. These Implementation Plans are final and fully approved by the Parties, who will execute the Plans on February 15, 2020.

6.     The Parties have developed this Consent Decree based on the terms of the MOU and the Implementation Plans. Exhibit A (MOU) ¶ 12. They agreed that this Consent Decree fully resolves the litigation and constitutes a final judgment. Exhibit A (MOU) ¶¶ 12, 16.

7.     Upon the parties' joint motion for entry of consent judgment, the Court, having reviewed and taken notice of the pleadings herein, and with the consent of the Plaintiffs and Defendants, hereby enters Judgment as follows:

## II.     LIABILITY

8.     Defendants make no admission for liability in this cause of action. The Parties agree that Plaintiffs' claims against Defendants should be resolved without further litigation through the terms of this Consent Decree, as approved by the Court.

## III.     JURISDICTION

9.     This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

## IV.     OBLIGATIONS

### A.     DISTRICT OBLIGATIONS

10.     District Defendants shall comply with all applicable requirements of the McKinney-Vento Act, including the following:

> a.     Identify homeless children and youth through outreach and coordination activities with other entities and agencies, as required by 42 U.S.C. § 11432(g)(6)(A)(i).

3

b.   Immediately enroll students experiencing homelessness in the school selected by the parent, legal guardian, or unaccompanied youth, as required by 42 U.S.C. § 11432(g)(3)(C), "even if the child or youth is unable to produce records normally required for enrollment, such as previous academic records, records of immunization and other required health records, proof of residency or other documentation; or has missed application or enrollment deadlines during any period of homelessness." 42 U.S.C. § 11432(g)(3)(C)(i).

   i.   "The terms 'enroll' and 'enrollment' include attending classes and participating fully in school activities." 42 U.S.C. § 11434a(1).

   ii.   Immediate enrollment means the student will be enrolled and eligible or allowed to attend school within twenty-four (24) hours of the District identifying the student as homeless.

   iii.   If a parent, guardian, or unaccompanied youth identifies to the District the student seeking enrollment as homeless ("self-identifies as homeless"), the date that the District identifies the student as homeless is the date of the self-identification or the District identification, whichever is earlier.

c.   Provide students services under McKinney-Vento for the duration of homelessness, as required by 42 U.S.C. § 11432(g)(3)(A)(i).

d.   Provide transportation to all students experiencing homelessness, if desired by the parents, guardians, or unaccompanied youth, to and from school, including for extracurricular activities for which the students are eligible and for alternative education, for the duration of each student's homelessness or

4

for the duration of the academic year, whichever is longer, as required by 42 U.S.C. §§ 11432(e)(3)(E)(i)(III); 11432(g)(6)(A)(viii).

i. Parents, guardians, or unaccompanied youth shall be allowed to request transportation by phone or email and parents, guardians, or unaccompanied youth shall not be required to return documents prior to starting transportation. The District may request documentation for its files; however, transportation may not be delayed pending the request for documents and cannot be suspended if parents fail to return documents.

ii. If a request for transportation is made by a parent, guardian, or unaccompanied youth prior to 11:00 a.m. on a school day, the transportation shall be provided no later than the next school day after the request was made. If a request for transportation is made by a parent, guardian, or unaccompanied youth after 11:00 a.m., transportation shall be provided no later than the second school day after the request was made.

iii. When a parent, guardian, or unaccompanied youth notifies the District that the transportation pick-up or drop off location needs to change, and the notification to the District is made prior to 11:00 a.m. on a school day, transportation services will be provided to the new pick-up or drop off location no later than the next school day after the District has been notified of the change in pick-up or drop off location. When a parent, guardian, or unaccompanied youth notifies the District that the

5

transportation pick-up or drop off location needs to change, and the notification to the District is made after 11:00 a.m., transportation services will be provided to the new pick-up or drop off location no later than the second school day after the District has been notified of the change in pick up or drop off location.

iv. The District will work to ensure that homeless students receiving transportation services under McKinney-Vento will not have any gaps in transportation services unless the gaps relate to a change in pick-up or drop off location, as indicated in ¶ 10(d)(iii). A gap in transportation means any school day in which transportation is not provided, after transportation was requested by the parent, guardian, or unaccompanied youth. If any gap does occur, the District will promptly ensure that transportation is reinstated within two school days of notification of any such gap in transportation.

v. Prior to suspending or terminating transportation services for students experiencing homelessness for any reason, unless the family agrees to the suspension or termination of such services, the District shall:

A. Make at least three documented attempts to reach the family to discuss the provision of transportation services.

B. If it makes contact with the family, discuss transportation services and the elimination of any barriers the student may be facing in accessing transportation.

6

C. Notify the family in writing about the reasons for suspending or terminating transportation services and provide the family access to the dispute resolution process with the explanation that the family may dispute eligibility, enrollment, or school selection and such dispute resolution may address transportation services where those services affect a child's ability to attend classes and/or participate fully in school activities.

e. Make school placement determinations for students experiencing homelessness according to the student's best interests, as required by 42 U.S.C. § 11432(g)(3)(B).

f. Provide the student's parent or guardian, or the unaccompanied youth, with a written explanation of the reasons for its school placement determination, in a manner and form understandable to the student's parent, guardian, or unaccompanied youth, including information regarding the right to appeal, as required by 42 U.S.C. § 11432(g)(3)(B).

g. Provide a dispute resolution process for disputes concerning McKinney-Vento eligibility, school selection, or enrollment, in which the student maintains his/her enrollment in the school selected by the parent, legal guardian, or unaccompanied youth and the student maintains transportation to and from school throughout the dispute resolution process, including throughout all available appeals, as required by 42 U.S.C. §§ 11432(g)(3)(E).

i. Parents, guardians, or unaccompanied youth shall have access to the aforesaid dispute resolution process whenever they disagree with the

7

District over eligibility for services, school selection, or school enrollment under McKinney-Vento.

    ii. If, after being informed of their rights, a parent, guardian, or unaccompanied youth does not agree with the District over eligibility for services, school selection or school enrollment, then that parent, guardian, or unaccompanied youth shall be treated as disagreeing with the District and shall be provided with access to the dispute resolution process.

h. Ensure that students are not segregated based on their status as homeless, as required by 42 U.S.C. §§ 11432(e)(3)(E).

    i. Before placing a homeless student in an alternative education program such as "ACE" and if the parent, guardian, or unaccompanied youth wishes to enroll elsewhere, the District must make a best interest determination and provide an appropriate written explanation of the District's determination and the parent's, guardian's, or unaccompanied youth's McKinney-Vento rights and access to the dispute resolution process under McKinney-Vento.

i. The District shall ensure that students experiencing homelessness have a full and equal opportunity to succeed in District schools, including the participation of eligible students in academic and extracurricular activities, programing for students with disabilities, programing for gifted and talented students, and Title I services as required by 42 U.S.C. §§ 11431(4) & 11432(g)(6)(A)(ii)-(v)).

i. The District shall ensure that parents or guardians of homeless children are informed of the educational and related opportunities available to their children and are provided with meaningful opportunities to participate in the education of their children; and ensure that homeless families and homeless children and youths receive referrals to health care services, dental services, mental health and substance abuse services, housing services, and other appropriate services, as required by 42 U.S.C. §§ 11431(4) & 11432(g)(6)(A)(ii)-(v).

j. Systemically, regularly, and on an ongoing basis review and revise District policies and practices that may act as a barrier to the identification of, or the enrollment, attendance, or success in school of, students experiencing homelessness to ensure that homeless students are afforded the same free, appropriate public education as provided to other children and youths, including, but not limited to, policies and practices affecting student discipline, trauma-sensitivity, and school climate that constitute barriers to the education of homeless students, as required by 42 U.S.C. §§ 11431(2) & 11432(g)(1)(I).[1]

k. Train all appropriate personnel on the requirements of McKinney-Vento, as required by 42 U.S.C. §§ 11432(f)(6) & 11432(g)(6)(A)(ix). Appropriate personnel includes all personnel directly responsible for implementing the

---

[1] *See also* U.S. Dep't of Education, Education for Homeless Children and Youths Program, Non-Regulatory Guidance, July 27, 2016, updated August 2018 at 34-35.

provisions of McKinney-Vento including students in transition office staff, building counselors, social workers, and building front office staff.

11.     District Defendants shall complete all steps set forth in the attached District Implementation Plan (Exhibit B) incorporated herein into this Order.  The District Defendants shall comply with all provisions of the District Implementation Plan.

12.     The District Defendants shall provide to Plaintiffs' counsel and Ms. Julianelle copies of all materials and documents developed and revised pursuant to the Implementation Plan for review and comment. Any updates to such materials and documents must be submitted to Ms. Julianelle and Plaintiffs' counsel for review and comment at least 15 days prior to the Defendants finalizing and implementing updated materials and documents.  Upon finalization, updated copies will be provided to counsel for Plaintiffs.

## B.     STATE OBLIGATIONS

13.     State Defendants shall comply with all relevant provisions of the McKinney-Vento Act, including §§ 42 U.S.C. 11431, 11432(d), 11432(e), 11432(f) & 11432(g).

14.     The State Defendants shall complete all steps set forth in the attached State Implementation Plan (Exhibit C) incorporated into this Order.  The State Defendants shall comply with all provisions of the State Implementation Plan.

15.     The State Defendants shall provide to Plaintiffs' counsel copies of all training materials for DESE-sponsored training that relates to its responsibilities under the McKinney-Vento Act as discussed in Action Steps 13 and 18 (see Exhibit C), for review and comment, by providing Plaintiffs with the link to the website that contains such training materials currently in use   (https://dese.mo.gov/quality-schools/federal-programs/homeless/forms-presentations-data). To the extent possible, any updates to such training materials and documents must be submitted to

Plaintiffs' counsel for review and comment at least 10 business days prior to the State Defendants' implementing updated materials and documents. Plaintiffs' counsel may comment on the training materials, but the State Defendants' use of these training materials will not be delayed pending any such comments. If any changes are made, updated copies will be provided to counsel for Plaintiffs. The State Defendants will also provide directions to Plaintiffs' counsel regarding how to sign up for DESE's electronic mailing list for receipt of notice of upcoming DESE-sponsored training.

## V.    MONITORING

16.    The MOU requires the implementation of a monitoring plan. Exhibit A (MOU) ¶¶ 10, 16. This monitoring plan requires semi-annual reporting of specific data as set forth below.

### A.    DEFENDANT REPORTING

17.    The State and District Defendants shall each provide semi-annual reports. Reports from the State Defendants shall be provided to counsel for the Plaintiffs and this Court by January 31 and July 31 each year this Consent Order is in effect, with the first such report to be provided no later than four months after this Consent Order is entered by the Court. Each January 31 State Defendants' report shall include the information and materials as specified below from July 1 to December 31 immediately preceding the January 31 report date for which a report is filed and each July 31 State Defendants' report shall include information and materials as specified below from January 1 to June 30 immediately preceding the July 31 report date for which a report is filed ("the State reporting period"). Reports from the District Defendants shall be provided to counsel for the Plaintiffs, Ms. Julianelle, and this Court once each academic semester, beginning with the Spring 2020 academic semester, no later than forty-five (45) calendar days after the semester ends (using the District Defendants' academic calendar). Each District Defendant report shall include the

information and materials as specified below from the first through the last day of each academic semester (using the District's academic calendar) for which a report is filed ("the District reporting period"). A final report shall be provided by the State and District Defendants to counsel for Plaintiffs and this Court on January 31, 2023. In addition, the District Defendants will provide their final report to Ms. Julianelle. If the date of this final report is less than thirty (30) calendar days after a semi-annual report is due, the due date of that semi-annual report for both the State and District Defendants shall be extended until the due date of the final report.

### i. District Defendants

18. The District Defendants' monitoring reports shall include the following information:

  a. Verification that the District Defendants have complied with all action steps, procedures, and deadlines set forth in Exhibit B, the District Implementation Plan, and this Consent Decree.

  b. A report containing the following data for each school within the District:

    i. Number of enrollments of homeless students, including unaccompanied youth;

    ii. Number of homeless students, including unaccompanied youth, who are "dropped;"

    iii. Number and results of Best Interest Determinations;

    iv. Number of instances in which parents or unaccompanied students were provided the Dispute Resolution form;

    v. Number of disputes filed by parents or unaccompanied students and outcomes;

12

vi. Transportation data, including the number of students receiving transportation services under McKinney-Vento (both students who are attending school in the District and those attending school in another district for whom the District is paying a portion of the transportation costs), the number of students who were receiving transportation services under McKinney-Vento whose services were suspended or terminated, the cost of such services to the District, and data regarding any instance in which transportation was not provided within the timeframes set forth in ¶ 10(d) of this Consent Order;

vii. Attendance data for homeless students, including unaccompanied youth;

viii. Extracurricular activity participation of homeless students, including unaccompanied youth; and

ix. Discipline of homeless students, including unaccompanied youth, including the total number of suspensions issued to homeless students, the length of each suspension, and the offense for which the suspension was assigned, to the extent that such information can be provided in compliance with the Family Educational Rights Privacy Act (FERPA).

c. Total number of students identified as homeless who are enrolled in an alternative education program (e.g., ACE) and the total number of students enrolled in the District enrolled in an alternative education program.

13

d.   Evidence of dissemination of materials related to McKinney-Vento rights and implementation (e.g., know your rights posters, letters sent to parents and children in the District, surveys, policies, procedures).

e.   Record of the dates on which homeless students were enrolled, dates of first attendance, and dates transportation was first provided.

f.   Verification of:

   i.   The dates of any McKinney-Vento related trainings held or attended by personnel of the District Defendants.

   ii.   The identity of the person(s) conducting the training, including any information relating to the organization the person(s) is (are) associated with.

   iii.   The substance of the training.

   iv.   The list of attendees and their job titles and schools.

g.   All McKinney-Vento training materials in use during the reporting period, specifying the most current version of the training materials.

h.   Evidence that the District is monitoring the effectiveness of trainings provided by the District to District personnel by including quizzes or checks for understanding as part of the trainings when appropriate.

i.   All McKinney-Vento template and standard forms, letters, and written materials in use during the reporting period, specifying the most current version of these documents.

j.   Any additional data, documents, or information requested by Ms. Julianelle necessary for the purpose of determining compliance with McKinney-Vento.

14

### ii. State Defendants

19. The State Defendants' monitoring reports shall include the following information:

    a. Verification that the State Defendants have complied with all action steps, procedures, and deadlines set forth in Exhibit C, the State Implementation Plan, and the Consent Decree. The State Defendants will verify compliance by listing the date of completion of the action steps in the plan and by the submission of the documentation in the report as specified in the following subparagraphs of this Paragraph 19.

    b. An electronic spreadsheet identifying all informal complaints (those logged in the centralized logging system provided for in Action Step 3 of Exhibit C, the State Implementation Plan ) concerning the Riverview Gardens School District received by State Defendants during the reporting period related to McKinney-Vento including:

       i. Date complaint received.

       ii. Summary of complaint, redacting student identifying information.

       iii. Summary of any and all action steps and interventions that were taken by State Defendants to resolve the complaint and any compliance issue identified, and the dates on which each action step and intervention were taken, redacting student identifying information.

       iv. If the complaint and any compliance issue were resolved, the date on which the complaint and any compliance issue were resolved, and an explanation of the resolution.

15

v. Summary of any evidence State Defendants obtained related to the complaint, compliance issue, and resolution, redacting any student identifying information.

c. Total number of informal complaints received (those logged in the centralized logging system provided for in Action Step 3 of Exhibit C, the State Implementation Plan) related to McKinney-Vento and total number of informal complaints received in which DESE intervened as described in Action Steps 10(1) and 10(2) of Exhibit C, the State's Implementation Plan (the 3- Level Response Model), the total number of informal complaints received in which DESE intervened as described in Action Steps 10(3) and 10(4) of Exhibit C, the State's Implementation Plan, the total number of informal complaints received in which DESE intervened as described in Action Step 10(5) of Exhibit C, the State's Implementation Plan, and the total number of informal complaints received in which DESE intervened as described in Action Step 10(6) of Exhibit C, the State's Implementation Plan.

d. The following summary statistics (not identifying school districts) of the results of the State Defendants' analysis taken under Action Step 4 of Exhibit C, the State Implementation Plan: number of letters sent; number of LEAs providing reasonable basis for having identified lower than expected number of homeless students; number of LEAs that DESE provided additional technical assistance to; and total number of times in which DESE intervened as described in Action Steps 10(1) and 10(2) of Exhibit C, the State's Implementation Plan, (the 3-Level Response Model) as a result of the analysis taken under Action Step 4, the total

16

number of times in which DESE intervened as described in Action Steps 10(3) and 10(4) of Exhibit C, the State's Implementation Plan, as a result of the analysis taken under Action Step 4, the total number of times in which DESE intervened as described in Action Step 10(5) of Exhibit C, the State's Implementation Plan, as a result of the analysis taken in Action Step 4, and the total number of times in which DESE intervened as described in Action Step 10(6) of Exhibit C, the State's Implementation Plan, as a result of the analysis taken in Action Step 4.

e. Copies of any state-level dispute resolutions filed related to McKinney-Vento rights of Riverview Gardens School District students and written notifications, decisions, or determinations of the results of such appeals, redacting student identifying information.

f. Total number of state-level dispute resolutions filed related to McKinney-Vento and the total number of times that DESE found in favor of the family appealing the dispute and the total number of times that DESE found in favor of the school or district disputing.

g. The dates of any DESE sponsored McKinney-Vento related trainings conducted by the State Defendants for outside entities, including:

    i. The intended audience of each training.

    ii. The identity of the person conducting the training, including the primary organization the person(s) is (are) associated with.

    iii. The course description.

17

iv. The sign-in sheets for the trainings. The sign-in sheets will ask for name, job title, and district information. DESE is not responsible for the accuracy of the information provided by those persons signing in.

h. Link to the State Defendants' current website that contains the Tiered Monitoring Checklist.

i. The forms of the letters developed by the State Defendants pursuant to Action Steps 4 and 5 of Exhibit C, the State Implementation Plan.

j. Link to the State Defendants' current website that contains McKinney-Vento information for school districts and the public and the following informational brochure and sample materials for the consideration and use of school districts and the public:

i. Educating Missouri's Homeless Children (brochure)

ii. Sample Enrollment Form

iii. Sample Needs Assessment

iv. School Selection Checklist

v. Transitional Interdistrict Transportation Agreement

For reports after the initial report, compliance with this subparagraph requires only that the State Defendants provide notification of any change in the website link or to the substantive content of the website relating to homeless children and identification of any of the materials identified in this subparagraph (j) that have been modified since the last report.

**B.   EXPERT REPORT**

18

20.     Ms. Julianelle shall review all reports from the District Defendants to Plaintiffs and this Court and any documents or statements provided by Plaintiffs.  In addition, on an annual basis, beginning on January 11, 2021, Ms. Julianelle shall interview a sample of personnel from the Riverview Gardens School District who are directly responsible for the implementation of the District's Students in Transition program.  After completing her review of the District Defendants' reports, any additional materials provided by Plaintiffs or District Defendants and any interviews with school personnel, Ms. Julianelle shall provide simultaneously to the Parties recommendations relating to any deficiencies on February 26, 2021, February 25, 2022 and February 8, 2023.  Recommendations provided by Ms. Julianelle will not be binding on the State Defendants and the services she provides under this paragraph will not be done at State expense.

## VI.     ATTORNEYS' FEES AND COSTS

21.     The Plaintiffs shall submit a motion for reasonable attorneys' fees and costs within ninety (90) days of the date of this Order in accordance with the MOU.  Exhibit A (MOU) ¶ 19.  The Parties may enter into a negotiated settlement relating to the Plaintiffs' reasonable attorneys' fees and costs prior to the filing of any motion for fees.

## VII.     MISCELLANEOUS

22.     This Order is effective upon its entry by the Court and shall remain in effect for a period of three years from the date of the execution of the Implementation Plans, through and including February 15, 2023.  Exhibit A (MOU) ¶ 10.

23.     This Court retains jurisdiction of this action and jurisdiction over the parties during the term of this Order for the purpose of enforcing this Order and ensuring compliance, as may be necessary.

19

24.     Upon compliance with this Order, up through and including February 15, 2023, this matter shall be dismissed unless the Plaintiffs move, for good cause shown upon notice to the defendants, for its continuation to carry out the purposes or provisions of this Order. Material noncompliance with this Order shall constitute "good cause." Material noncompliance means significant or substantial violations or deviations of this Order as determined by this Court. In the event that the Plaintiffs move to extend the duration of this Order, this Order shall remain in effect if the Court grants the motion or otherwise grants a temporary extension of the Order pending its determination of the motion.

25.     Violations of this Order may extend the duration of this Order by an amount of time determined by this Court.

26.     The Parties will use their best efforts to carry out the terms of this Order. Parties to the Order shall meet in good faith to resolve informally any disputes or issues that may arise under or concerning this Order.

27.     This Order contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this document regarding the subject matter of this proceeding shall be deemed to exist, or to bind the Parties hereto, or vary the terms and conditions contained herein. This Order supersedes all prior agreements, representations, negotiations, or positions taken by the Parties in this litigation as set forth herein.

28.     This Order may be amended, modified, or supplemented only by an agreement in writing signed by the Parties and approved by the Court.

29.     This Order will inure to the benefit of and be binding upon the heirs, personal representatives, successors, and assigns of the Parties.

20

30.     Each undersigned representative of the Defendants certifies that he or she is authorized to enter into this Order and to execute and bind the represented Defendant to its terms. Each undersigned representative of Plaintiffs certifies that he or she is authorized to enter into this Order and to execute and bind the Plaintiffs to its terms. Execution of the Order by signature is a condition precedent to the Order becoming effective and binding on the Parties. This Order may be executed in counterparts, each of which will be deemed to be an original and all of which taken together shall constitute a single instrument. This Order may be executed by a signature via facsimile transmission or electronic mail, which shall be deemed the same as the original.

## VIII.   DISMISSAL OF INDIVIDUAL DEFENDANTS

31.     The individual State Defendants (Donna Cash, Gavin Allan, O. Victor Lenz, Jr. Michael W. Jones, Peter F. Herschend, Carol Hallquist, and Charles W. Shields) shall be voluntarily dismissed from this case. Any obligations imposed on the State Defendants by this Order may be enforced against the Commissioner of Missouri DESE, Margaret Vandeven, in her official capacity (who by operation of Rule 25(d), Fed. R. Civ. P. will replace Roger Dorson as the named party for State Defendants).

32.     The individual District Defendants (Lynn Beckwith, Jr., Veronica-Morrow Reel, Mark Tranel, Scott Spurgeon, Chaketa Riddle, and Andrea Woods) shall be voluntarily dismissed from this case. Any obligations imposed on the District Defendants by this Order may be enforced against the District Defendants.

33.     To the extent that the lawsuit is reopened, the individual State Defendants and individual District Defendants may be re-entered or renamed as active parties, in their official capacities, to the lawsuit.

Mark Rosenbaum
Amanda Savage
PUBLIC COUNSEL
*Counsel for Plaintiffs*


Luz Maria Henriquez
Joel Ferber
Amanda Schneider
LEGAL SERVICES
OF EASTERN MISSOURI, INC.
*Counsel for Plaintiffs*


John C. Ulin
Caitlin Martini Alka
ARNOLD & PORTER
*Counsel for Plaintiffs*


President, Special Administrative Board,
Riverview Gardens School District


Secretary, Special Administrative Board,
Riverview Gardens School District


Margaret Vandeven
Commissioner of Education
Missouri Department of Elementary
and Secondary Education


**So ORDERED.**


Dated February ___, 2020


_____
NANETTE K. LAUGHREY
United States District Judge


22

# EXHIBIT A

## MEMORANDUM OF UNDERSTANDING

Plaintiffs Scott C., by and through his next friend Ms. Melissa C.; Melissa C.; Miles M. by and through his next friend Ms. Rio M.; and Rio M. (together hereafter "Plaintiffs") and Defendants Riverview Gardens School District; Missouri Department of Elementary and Secondary Education; Donna Cash; Gavin Allan; Roger Dorson; State Board of Education; O. Victor Lenz, Jr.; Michael W. Jones; Peter F. Herschend; Carol Hallquist; Charles W. Shields; Special Administrative Board; Lynn Beckwith, Jr.; Veronica Morrow-Reel; Mark Tranel; Scott Spurgeon; Chaketa Riddle; and Andrea Woods participated in a mediation on February 28, 2019, with Magistrate Judge Willie J. Epps, Jr., in relation to the matter styled *Scott C., et al. v. Riverview Gardens School District, et al.*, Case 2:18-cv-04162-NKL.

Subsequent to the mediation, the Parties agreed to a resolution of disputes and memorialize their agreement in this Memorandum of Understanding ("MOU") that shall be followed by a consent decree to be subsequently executed between the Parties. The Parties agree as follows:

1) The Riverview Gardens School District ("the District," which includes individual defendants employed by the District), the State of Missouri ("State Defendants," which includes Missouri Department of Elementary and Secondary Education and individual defendants employed by the State) and Plaintiffs (collectively "the Parties") share the goal of ensuring that homeless students have access to a free appropriate public education, in accordance with the McKinney-Vento Act, 42 U.S.C. §11431 *et seq.* The Parties intend that a review and revision of the District and State policies and practices regarding the implementation of the McKinney- Vento Act will be accomplished and that revised District policies and practices will be drafted and implemented no later than the first day of staff orientation for the 2019-2020 school year.

2) The District will engage, at its expense, expert Patricia Julianelle (the "Defendants' Expert"), on the McKinney Vento Act, who will review the policies and practices of the District regarding the implementation of the McKinney- Vento Act. Patricia Julianelle will also review, at the State's expense, the State's implementation of the portion of its Every Student Succeeds Act – Missouri Consolidated State Plan relating to the Education for Homeless Children and Youth program, McKinney-Vento Homeless Assistance Act ("Missouri State Plan"), as described in paragraph 7 below.

3) District Defendants will provide to Defendants' Expert documents relevant to the implementation of the District McKinney-Vento program and offer the Defendants' Expert access to the personnel responsible for the program. State Defendants will provide to the Defendants' Expert documents relevant to the State's implementation of the Missouri State Plan regarding the provision of professional development opportunities and technical assistance to and monitoring of local educational authorities to ensure compliance with the McKinney-Vento Act, as required by 42 U.S.C. §§ 11432(f)(5) and 11432(f)(6), and offer the

1

Defendants' Expert access to the personnel responsible for the program. All documents provided to the Defendants' Expert will be made available to Plaintiffs' counsel.

4) Prior to commencing the review of State and District policies with respect to implementation of the McKinney-Vento Act, the Defendants' Expert will meet with Plaintiffs and Plaintiffs' counsel and will, *inter alia*, review documents and information in Plaintiffs' possession regarding District and State McKinney-Vento policies and practices. All documents provided to the Defendants' Expert will be made available to Defendants' counsel.

5) The Defendants' Expert's recommendations will be provided by the Defendants' Expert to the Parties simultaneously and no later than July 15, 2019 unless the Defendants' Expert requests an extension to the Parties in writing.

6) The Defendants' Expert will make a recommendation regarding the modifications or policies and practices necessary for the District to comply with the McKinney-Vento Act, in the form of Defendants' Expert Recommendations in areas including but not limited to the following:

   a. Identification of homeless students (42 U.S.C. § 11432(g)(6)(A)(i));

   b. Immediate enrollment of students experiencing homelessness (42 U.S.C. § 11432(g)(3)(C));

   c. Documentation requirements that create barriers to the enrollment of homeless students (42 U.S.C. § 11432(g)(3)(C));

   d. Provision of transportation to and from school, including for extra- curricular activities and alternative education, for all homeless students for the duration of their homelessness or for the duration of the academic year, whichever is longer (42 U.S.C. §§ 11432(e)(3)(E)(i)(III); 11432(g)(6)(A)(viii));

   e. Provision of a dispute resolution process in compliance with the McKinney-Vento Act, and maintaining enrollment and transportation throughout the dispute resolution process, including throughout all available appeals (42 U.S.C. §§ 11432(g)(3)(E));

   f. Avoiding segregating students based on the students' status as homeless (42 U.S.C. §§ 11432(e)(3)(E) & 11432(g)(6)(A)(ii));

   g. Ensuring that homeless students have a full and equal opportunity to succeed in District schools, including without limitation participation in academic and extracurricular activities, programs for students with disabilities, programs for gifted and talented students, and Title I services; that parents or guardians of homeless children are informed of the educational and related opportunities available to their children and are provided with meaningful opportunities to participate in the education of their children; and that homeless families and homeless children and youths receive referrals to health care services, dental services, mental health and

2

substance abuse services, housing services, and other appropriate services (42 U.S.C. §§ 11431(4), & 11432(g)(6)(A)(ii)-(v));

h. Reviewing and revising District policies and practices regarding or affecting student discipline, trauma-sensitivity, and school climate that constitute barriers to the education of homeless students (42 U.S.C. § 11431(2); U.S. Dep't of Education, Education for Homeless Children and Youths Program, Non-Regulatory Guidance, July 27, 2016, Updated August 2018 at 34-35); and

i. Training of all District employees on the requirements of McKinney-Vento (42 U.S.C. §§ 11432(g)((6)(A)(ix)), including training regarding policies and practices and changes made pursuant to recommendations in areas (a) through (h).

7) If the Defendant's Expert concludes there are any legal requirements not being met by the State, in the State's implementation of the Missouri State Plan as it pertains to the McKinney-Vento Act, the Defendants' Expert may make Recommendations, consistent with state and federal laws, regulation, and guidance, in areas including the following State legal obligations regarding this act:

a. The State's Tiered Monitoring Process with respect to the District, including any legally required enhancements of such Process, as described by the Administrative Manual (Revised July 2018) at pp. 19-20;

b. The State's support of District personnel, including through training and providing technical assistance, as described in the Every Student Succeeds Act – Missouri Consolidated State Plan (March 2019 submission) at pp. 67- 77, and

c. The Missouri State Plan provisions for monitoring, supporting, and providing technical assistance to the District, including any recommendations for legally required revisions to the Missouri State Plan during the next regular federal State Plan Approval cycle.

8) If no legal deficiencies by the State are identified by the Defendants' Expert, the Defendants' Expert will say this in her report. The Defendants' Expert will not make any recommendations for changes in the State's implementation, policies, or practices, if no legal deficiencies are identified.

9) Within 30 days of the date on which the Defendants' Expert Recommendations are provided to the Parties as provided in (5), Plaintiffs' counsel, District and State Defendants and their counsel, and Defendants' Expert will meet to discuss the Defendants' Expert Recommendations and to develop a plan to execute those recommendations (the "Implementation Plan"). Plaintiffs may elect to bring an expert at Plaintiffs' own expense. Participants in the conference need not appear in person; all or any may participate by telecommunications.

3

10) The Implementation Plan will include a plan for monitoring Defendants' execution of the Implementation Plan on a semi-annual basis for three years starting from the date the execution of the Implementation Plan commences. The terms of the monitoring plan will also be set forth in the consent decree. Defendants will bear the reasonable costs of such monitoring. In the event no legal deficiencies are identified by Defendants' Expert as to the State Defendants, then State Defendants will not be responsible for any obligations to be set out in, or any further costs or fees (to include legal fees) associated with the Implementation Plan that are independent of their responsibilities under the McKinney-Vento Act.

11) The Implementation Plan will be finalized no later than 30 days after the meeting regarding the Defendants' Expert recommendations. The Parties agree that they will work to develop a plan that is mutually agreeable and that conforms to the Defendants' Expert Recommendations to the extent necessary for compliance with the McKinney-Vento Act. If after good faith discussions, the Parties cannot come to an agreement on certain elements of the Implementation Plan, they will confer with Judge Epps who will have final authority over the Plan.

12) Within 10 days of finalizing the Implementation Plan, the Parties will develop a Consent Decree based on the terms of this MOU and the Implementation Plan that will fully resolve this litigation and be a final judgment. The Consent Decree shall include a statement that Defendants deny that they have violated the McKinney-Vento Act, any provision of the U.S. Constitution, or any other law, and that the Parties agree that in order to avoid costly and protracted litigation, Plaintiffs' claims against Defendants should be resolved without further litigation through the terms of the Consent Decree, as approved by the Court.

13) As stated in (10), in the event that no legal deficiencies are identified by the Defendants' Expert as to the State Defendants, the State Defendants will not be responsible for any obligations to be set out in, or any further costs and fees (to include legal fees) associated with the Consent Decree independent of its obligations under the McKinney-Vento Act. However, the Consent Decree may identify specific pre-existing responsibilities of the State under the McKinney-Vento Act that are necessary to the faithful implementation of the Consent Decree.

14) The Plaintiffs and the State Defendants agree that, prior to the entry of any consent decree in this case, the current individual State Defendants (Donna Cash, Gavin Allan, O. Victor Lenz, Jr., Michael W. Jones, Peter F. Herschend, Carol Hallquist, and Charles W. Shields) shall be voluntarily dismissed from this case. Any obligations imposed on the State by the Consent Decree may be enforced against the commissioner of the Department of Elementary and Secondary Education, Margaret Vandeven, in her official capacity (who by operation of Rule 25(d), Fed. R. Civ. P., will replace Roger Dorson as the named party for State Defendants). The Plaintiffs and the District Defendants agree that, prior to the entry

4

of any consent decree, that all current Individual District Defendants (Lynn Beckwith, Jr., Veronica Morrow-Reel, Mark Tranel, Scott Spurgeon, Chaketa Riddle, and Andrea Woods) shall be voluntarily dismissed from this case. Any obligations imposed on the State by the Consent Decree may be enforced against the Riverview Gardens School District.

15) To the extent the lawsuit is reopened, Defendants agree to the re-entry or renaming of the above named parties as active parties, in their official capacities, to the lawsuit.

16) Because this Memorandum of Understanding is binding on all parties and will be replaced by a negotiated consent decree, with any differences resolved by Judge Epps, this agreement concludes the litigation other than the matters specifically left open by this agreement, including resolution of attorneys' fees, and the specific details of monitoring, training, and implementation plan, which will be incorporated into the consent decree as specified herein. In no event, now or at the conclusion of this litigation, will Plaintiffs be responsible for Defendants' Expert costs nor will Defendants be responsible for Plaintiffs' expert costs.

17) Defendants will commence execution of the Implementation Plan to the extent possible by the first day of staff orientation for the 2019-20 school year. Any portions of the plan that require a longer time frame will be identified in the Implementation Plan with target dates for their execution.

18) The Court shall retain jurisdiction over this action during the monitoring period.

19) District Defendants shall pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred to date with regard to the remaining claims against the District (but not claims against the State Defendants) in an amount to be determined by the Court. State Defendants do not here agree to pay any attorneys' fees and reserve their rights to challenge any application or award of attorneys' fees, in whole or in part, sought to be imposed against State Defendants.

20) This Memorandum of Understanding and any settlement agreement would not be final until approved by the Special Administrative Board of the Riverview Gardens School District and insofar as the State Defendants are affected or implicated, by the State Commissioner of the Department of Elementary and Secondary Education ("DESE") and DESE officials. Any changes to the Missouri State Plan are subject to the review and approval process of both state and federal authorities. The State Defendants cannot and are not here in this memorandum agreeing to changes to the Missouri State Plan. Any changes to State regulation or policy must be compliant with both federal law and the Missouri State Plan.

21) The Parties agree to stay discovery, and all associated law and motion deadlines, during the pendency of drafting the consent decree. The Parties will notify the Court of the settlement and request a continuance of deadlines to facilitate execution of the consent decree.

IT IS SO AGREED

Mark Rosenbaum
Alisa Hartz
PUBLIC COUNSEL
*Counsel for Plaintiffs*

22 May 2019
date

Luz Maria Henriquez
Susannah Porter Lake
Joel Ferber
LEGAL SERVICES OF EASTERN MISSOURI, INC.
*Counsel for Plaintiffs*

5-22-19
date

John C. Ulin
Caitlin Martini Mika
Hannah Henkel
ARNOLD & PORTER
*Counsel for Plaintiffs*

5/22/2019
date

Michelle Bassi
Jim Layton
TUETH KEENEY
*Counsel for District Defendants*

5/24/19
date

Charles W. Adamson, *assistant attorney general*
Michael Pritchett
MISSOURI ATTORNEY GENERAL'S OFFICE
*Counsel for the State Defendants*

23 May 2019
date

6

_____                    _____
Magistrate Judge Willie J. Epps Jr.          May 24, 2019
Western District of Missouri                 date

# EXHIBIT B

*All materials and documents will be simultaneously provided to Ms. Julianelle and Plaintiffs' counsel for their review. The completion date is the date on which the final version is agreed to after Plaintiffs' and Ms. Julianelle's review.

** Plaintiffs will review all documents and provide comments simultaneously to Defendants and Ms. Julianelle within two weeks of receiving documents from Defendants. Ms. Julianelle will review Plaintiffs comments within one week of receiving Plaintiffs' comments.

**IDENTIFICATION**

| Recommendation | | Action Step | Notes | Responsible Party | Deadline & Completion Date | Comments |
|---|---|---|---|---|---|---|
| Revise surveys, checklists questionnaires intended to help identify McKinney-Vento families so they ask questions about parent and youth living situations that are aligned with the McKinney-Vento definition. | 1 | Identify all current forms or packets that include McKinney-Vento Act questions. | Completed | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | 8-15-2019 | |
| | 2 | Create a single Enrollment Packet to be used District-wide. | District Draft Date: 9-20-2019 Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 10-31-2019<br><br>Completion Date: | See attached. |
| | 3 | Request copies of any enrollment forms used from each building and replace with approved Enrollment Packet. | District Draft Date: 8-20-2019 Plaintiffs' Reviewed Date: 8-28-2019 P. Julianelle Reviewed Date: | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie | Deadline Date: 10-31-2019 Completion Date: | |

| | | | | | |
|---|---|---|---|---|---|
| | | | P. Julianelle Approval (after any needed revisions): | Crumble, Students in Transition Coordinator | |
| | 4 | Replace all surveys, etc. with attached McKinney-Vento Act Survey. | District Draft Date: 8-20-2019 Plaintiffs' Reviewed Date: 8-28-2019 P. Julianelle Reviewed Date: <br><br> P. Julianelle Approval (after any needed revisions). | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 10-31-2019 Completion Date: Survey replaced by draft revised packet 8-20-2019. <br><br> Packet with any additional changes recommended by Ms. Julianelle distributed by: |
| | 5 | Revise McKinney-Vento Act Survey. | District Draft Date: 8-20-2019 Plaintiffs' Reviewed Date: 8-28-2019 P. Julianelle Reviewed Date: <br><br> P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 10-31-2019 Completion Date: |
| | 6 | Revise SIT Parent and Internal District Procedural Manual to address changes related to Identification and Enrollment process, including when and how SIT is notified and follow up procedures. | District Draft Date: <br><br> Plaintiffs' Reviewed Date: <br><br> P. Julianelle Reviewed Date: | Chaketa Riddle, Assistant Superintendent of Student Support Services. Tammie | Deadline Date: 11-30-2019 <br><br> Completion Date: |

2

| | | | | Crumble, Students in Transition Coordinator | | |
|---|---|---|---|---|---|---|
| Revise the general enrollment packet to include descriptive questions about family/student living situations on the first page, similar to the McKinney-Vento Survey included in the 2019-20 SIT Packet. Make sure it is clear that parents checking a McKinney-Vento box should contact the SIT office, a school counselor, social worker, or someone else even if they cannot provide enrollment documents. | 7 | Create single Enrollment Packet to be used District-wide, with McKinney-Vento Act Survey as the first page. | District Draft Date: 9-20-2019 Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 10-31-2019 Completion Date: | |
| | 8 | Review Enrollment Packet to ensure term "homeless" is not used. | District Draft Date: 9-20-2019 Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 10-31-2019 Completion Date: | |
| Ensure enrollment packets, letters sent home when families have a change of address, and other communications that present an opportunity to identify students experiencing homelessness use | 9 | Revise correspondence from SIT office to ensure term "homeless" is not used – correspondence will use term "students in transition." | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 10-31-2019<br><br>Completion Date: | |

3

| appropriate language and provide sufficient information to support identification. | 10 | Provide ongoing training to SIT office staff regarding use of term "homeless." | Review of training materials by Plaintiffs and P. Julianelle, Date:<br><br>First training completed; Training to be conducted annually<br><br>District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | 8-5-19<br><br>Deadline Date: 11-30-2019<br>Completion Date: | To be included in SIT Internal Procedural Manual, including training for new hires |
| | 11 | Provide training to building counselors, social workers, and building front office staff regarding use of term "homeless" and incorporate into regular training materials. | District Draft Date: Initial training completed 8-5-2019 Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 1-31-20<br>Completion Date: | |
| | 12 | Create single Enrollment Packet to be used District-wide that includes language to allow for enrollment by a student without a parent, guardian, or caregiver. | District Draft Date: 9-20-2019 Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date: | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, | Deadline Date: 10-31-2019<br>Completion Date: | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | P. Julianelle Approval (after any needed revisions): | Students in Transition Coordinator | | |
| Revise policies, practices and documents to improve the identification of unaccompanied youth without caregivers. | 13 | Provide training to SIT office staff, building counselors, social workers and building front office staff regarding enrollment rights and procedures for unaccompanied youth, and set annual schedule for such trainings. | District Draft Date: 11-30-2019 Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, | Deadline Date: 1/31/2020 Completion Date: | |
| Add identification of students experiencing homelessness to the Homeless Coordinator's job description. | 14 | Revise job description. | District Draft Date: 9-20-2019 Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | RGSD | Deadline Date: 10-31-2019 Completion Date: | |
| | 15 | Take revised job description to Board of Education for approval. | | Chaketa Riddle, Assistant Superintendent of Student Support Services | Deadline Date: 11-30-2019 Completion Date: | |

**ENROLLMENT**

| Recommendation | | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| Do not require documents prior to enrollment; Rather, "immediately enroll the homeless child or youth, even if the child or youth – is unable to produce records normally required for enrollment, such as previous academic records, records of immunization and other required health records, proof of residency, or other documentation."

Revise all documents, forms, and trainings to indicate that McKinney-Vento students are entitled to immediate enrollment even if they cannot produce documents. | 16 | Create single Enrollment Packet to be used District-wide with revised McKinney-Vento Act Survey on first page. | District Draft Date: 9-20-2019
Plaintiffs' Reviewed Date:

P. Julianelle Reviewed Date:

P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 10-31-2019
Completion Date: | |
| | 17 | Revise correspondence from SIT office to remove requests for documents. | District Draft Date:

Plaintiffs' Reviewed Date:

P. Julianelle Reviewed Date:

P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 10-31-2019
Completion Date: | |
| | 18 | Provide training to SIT office staff, building counselors, social workers and building front office staff regarding immediate enrollment of homeless families without requiring documentation or in-person appointment, and prepare annual training schedule. | District Draft Date: 11-30-2019
Plaintiffs' Reviewed Date:

P. Julianelle Reviewed Date:

P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 1-31-2020
Completion Date: | |
| | 19 | Revise SIT Parent and Procedural Manual to address changes related to the identification and enrollment process. | District Draft Date:

Plaintiffs' Reviewed Date: | Chaketa Riddle, Assistant Superintendent of Student | Deadline Date: 11-30-2019
Completion Date: | |

| | | | | | |
|---|---|---|---|---|---|
| | | | P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Support Services, Tammie Crumble, Students in Transition Coordinator | |
| Do not require McKinney-Vento parents or students to attend an in-person appointment to enroll. Facilitate the enrollment process so parents can provide initial information by phone or email, and complete documentation at the most convenient location and time. | 20 | Revise procedures to allow provision of initial enrollment information for homeless families by phone. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 11-30-2019 Completion Date: |
| | 21 | Provide training to SIT office staff, building counselors, social workers and building front office staff regarding immediate enrollment of homeless families without requiring documentation or in-person appointment, and create a schedule for annual training. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Woods | Deadline Date: 1-31-2020 Completion Date: |
| Train all enrollment secretaries to enroll immediately when a McKinney-Vento family or unaccompanied youth presents for enrollment, and refer to the SIT team for follow up. | 22 | Provide training to SIT office staff, building counselors, social workers and building front office staff regarding immediate enrollment of homeless families without requiring documentation or in-person appointment, and create a schedule for annual training. | First training completed; additional trainings to be completed over the course of the school year. | Chaketa Riddle, Assistant Superintendent of Student Support Services, Woods | Deadline Date: 1-31-2020 Completion Date: |

7

| | | | | | |
|---|---|---|---|---|---|
| Revise policies, practices and documents to create a process to ensure immediate enrollment in school for unaccompanied youth. | 23 | Create single Enrollment Packet to be used District-wide that includes language to allow for enrollment by a student without a parent, guardian, or caregiver. | District Draft Date: 9-20-2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 10-31-2019<br><br>Completion Date: |
| | 24 | Revise Board Policy IGBCA to state as follows: "If the homeless student is unaccompanied by a parent/guardian, the district liaison shall give priority to the wishes of the unaccompanied youth in determining the school of best interest." | District Draft Date: 8-20-2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | RGSD | Deadline Date: 10-31-2019 |
| | 25 | Take revised Policy IGBCA to the Board of Education for approval | In progress | RGSD | Deadline Date: 11-30-2019 Completion Date: |
| | 26 | Provide training to SIT office staff, building counselors, social workers and building front office staff regarding enrollment rights and procedures for unaccompanied youth, and create schedule for annual training. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 1-31-2020 Completion Date: | Regularly schedule trainings and reviews over the course of the school year to provide ongoing training to these staff members. Maintain evidence of training and |

8

| | | | | | details of training (who, what, when, where, how). |
|---|---|---|---|---|---|
| | 27 | SIT Office will create and maintain a data dashboard to track SIT information by school, including numbers of enrollments, number of drops, Best Interest Determinations, provision of the Dispute Resolution form, disputes, transportation, attendance, extracurricular activity participation and discipline. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 11-30-2019 Completion Date: |
| | 28 | Revising SIT Internal District Procedural Manual to include procedures for reviewing this data, what data will prompt additional action by the district and what that additional action will be. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: 11-30-2019 Completion Date: |
| Revise all training to present consistent, accurate information about common signs of homelessness, legal requirements for identification, immediate enrollment, school of origin, and transportation, at a minimum. | 29 | Create training PowerPoint. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Woods | Deadline Date: 11-30-2019 Completion Date: |
| | 30 | Provide ongoing training to SIT office staff, building counselors, social works and building | District Draft Date: | Chaketa Riddle, Assistant | Ongoing: 1-31-2020 |

9

| | | | | | |
|---|---|---|---|---|---|
| | | front office staff. Include sign-in sheets for attendees. Track which staff members attend which trainings. | Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Superintendent of Student Support Services, Woods | Deadline Date:<br><br>Completion Date: | |
| | 31 | Provide annual training to building administrators. | District Draft Date: *to be conducted annually at Annual Leadership Retreat Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services; Tammie Crumble, SIT Coordinator | Deadline Date: 1-31-2020 Completion Date: | To be conducted each year at Annual Leadership Retreat prior to the beginning of the school year |

**TRANSPORTATION**

| Recommendation | | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| Allow parents to provide transportation information by phone or email. Do not require parents to return signed documents prior to starting transportation. | 32 | Revise SIT Parent and Internal District Procedural Manual to allow provision of transportation information by phone or email. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, SIT Coordinator | Deadline Date: 11-30-2019 Completion Date: | |

10

| | | | | | |
|---|---|---|---|---|---|
| Adjust pick-up / drop-off locations as needed for as long as a student is attending the school of origin, regardless of the time of the school year.<br><br>Ensure transportation is provided in a timely manner. | 33 | Revise SIT Parent and Internal District Procedural Manual, including procedure for transportation department to initiate and update transportation information for SIT students in timely manner. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 11-30-2019 Completion Date:<br><br>Timely means within 24 hours |
| | 34 | Distribute written procedure to SIT staff and transportation department staff | District Draft Date:<br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 12-20-2019 Completion Date: |
| Include information about transportation in the SIT Parent Manual. | 35 | Revise SIT Parent & Student Manual to provide instruction on how to notify SIT department of transportation update. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 11-30-2019 Completion Date: |
| Revise policies, practices and documents to create a process for unaccompanied youth to request, and | 36 | Revise SIT Parent & Student Manual to include specific information for unaccompanied youth. | District Draft Date:<br><br>Plaintiffs' Reviewed Date: | Chaketa Riddle, Assistant Superintendent of Student Support Services, | Deadline Date: 11-30-2019 Completion Date: |

11

| timely receive, transportation. | | | | P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Tammie Crumble, Students in Transition Coordinator | | |

**DISPUTES**

| Recommendation | | Action Step | Notes | Responsible Party | Completion Date | Comments |
|---|---|---|---|---|---|---|
| Revise dispute policies, procedures, and written explanations so they are clear that while the dispute is pending, the student can enroll in the school where enrollment is sought, and that transportation will be provided.<br><br>Adopt a transparent, objective process for determining a student's best interest as regards school of origin enrollment, such as that offered by DESE. | 37 | Work with State to revise dispute resolution procedures. | District Draft Date: 10-10-2019<br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 11-30-2019<br><br>Completion Date: | See attached |
| | 38 | Adopt Best Interest Determination Checklist. https://dese.mo.gov/sites/default/files/09schoolselectionchecklist.pdf. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator, | Deadline Date: 11-30-2019<br><br>Completion Date: | |
| | 39 | Distribute and provide training for SIT staff on Best Interest Determination Checklist and revised dispute resolution procedures and include in SIT Procedural Manual. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date: | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie | Deadline Date: 12-20-2019<br><br>Completion Date: | |

12

| | | | | Crumble, Students in Transition Coordinator | |
|---|---|---|---|---|---|
| | 40 | Revise Board Policy IGBCA to clarify that a student must be immediately enrolled in the school in which enrollment is sought and that transportation will be provided while disputes are pending. | District Draft Date: 8-20-2019<br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | RGSD | Deadline Date: N/A<br>Completion Date: 8-20-2019 | |
| | 41 | Take revised Policy IGBCA to Board of Education for approval. | District Draft Date: 8-20-2019<br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | RGSD | Deadline Date: 11-30-2019<br><br>Completion Date: | |
| | 42 | Develop a system to track and monitor disputes as they are filed and throughout the dispute process and include in SIT Procedural Manual. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: 11-30-2019<br>Completion Date: | |
| | 43 | Revise SIT Parent and Internal District Procedural Manual to address Changes related to Dispute resolution. | District Draft Date: | | Deadline Date: 11-30-2019 | |

13

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | Plaintiffs' Reviewed Date: | | Completion Date: | |
| | | | P. Julianelle Reviewed Date: | | | |
| | | | P. Julianelle Approval (after any needed revisions): | | | |
| Revise dispute resolution procedures and written explanations so they are written "in a manner and form understandable" to parents and unaccompanied youth. | 44 | Revise dispute resolution procedures and written explanations so they are written "in a manner and form understandable" to parents and unaccompanied youth. | District Draft Date: 10-10-2019 Plaintiffs' Reviewed Date: <br><br> P. Julianelle Reviewed Date: <br><br> P. Julianelle Approval (after any needed revisions): | | Deadline Date: 11-30-2019 Completion Date: | |
| Revise dispute policies, procedures, and written explanations so they are clear that the dispute process is available for disputes about eligibility, enrollment, transportation, and full participation in school. | 45 | Revise dispute policies, procedures, and written explanations so they are clear that the dispute process is available for disputes about eligibility, enrollment, transportation, and full participation in school. | District Draft Date: 10-10-2019 Plaintiffs' Reviewed Date: <br><br> P. Julianelle Reviewed Date: <br><br> P. Julianelle Approval (after any needed revisions): | | Deadline Date: 11-30-2019 Completion Date: | |
| Revise the dispute process to ensure it is expeditious and not unduly burdensome for | 46 | Revise the dispute process to ensure it is expeditious and not unduly burdensome for parents or unaccompanied youth. | District Draft Date: 10-10-2019 Plaintiffs' Reviewed Date: | | Deadline Date: 11-30-2019 Completion Date: | |

14

| Recommendation | | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| parents or unaccompanied youth. | | | P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | | |
| If a school board review is part of the district's process, assist the parent or student to access that level of review. | 47 | If a school board review is part of the district's process, assist the parent or student to access that level of review. | District Draft Date: 10-10-2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: 11-30-2019 Completion Date: | |
| Add dispute resolution to the Homeless Coordinator's job description. | 48 | Add dispute resolution to the Homeless Coordinator's job description. | District Draft Date: 9-20-2019<br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: 11-30-2019 Completion Date: | |

**SEGREGATION**

| Recommendation | | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|

15

| | | | | | |
|---|---|---|---|---|---|
| Before placing a McKinney-Vento student in ACE, if the parent or student wishes to remain in the school of origin, make a best interest determination and provide appropriate written explanation and access to the dispute process. | 49 | Notify counselors and administrators that the SIT office must be informed before a SIT student is assigned to an alternative program, including ACE. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator; Jarrett Smith, Director of Alternative Education; Michael Triplett, Assistant Superintendent of Leadership and Accountability | Deadline Date: 11-30-2019 Completion Date |
| | 50 | Revise SIT Procedural Manual to include process for SIT office to work with school to provide documented notice to families prior to placement of an SIT student in an alternative program and an opportunity to discuss, including the types of services offered in the alternative program and the reasons for recommendation for the alternative program. | | | Deadline Date: 11-30-2019 Completion Date: |
| | 51 | Revise SIT Parent and Internal District Procedural Manual to include Best Interest Determination checklist, and identify specific issues related to alternative placements, including:<br>• The reasons for the recommendation for an alternative placement;<br>• the ACE program does not provide free breakfast or lunch, which may be an important best interest factor to consider | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date: | | Deadline Date: 11-30-2019 Completion Date: |

| | | | | | |
|---|---|---|---|---|---|
| | | prior to placing a student in that program.<br>• The availability of transportation, instructional support, and other services also would be best interest factors. | P. Julianelle Approval (after any needed revisions): | | |
| | 52 | Provide training to SIT staff regarding best interest determination and use of dispute resolution process, and create schedule for annual training. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 1-31-20 Completion Date: |
| | 53 | Revise SIT Parent and Internal District Procedural Manual to address alternative education programs. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: 11-30-2019 Completion Date: |

**STUDENT DISCIPLINE, TRAUMA-SENSITIVITY, AND SCHOOL CLIMATE**

| Recommendation | | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| Specifically, and explicitly require consideration of factors related to homelessness (e.g. trauma, mobility, | 54 | Revise discipline policies/procedures to include factors administrators will consider when imposing discipline. | District Draft Date: 3-13-2019 Plaintiffs' Reviewed Date: | Chaketa Riddle, Assistant Superintendent of Student Support Services, | Deadline Date: 8-1-2020 Completion Date: | |

17

| | | | | | |
|---|---|---|---|---|---|
| lack of transportation) prior to imposing discipline. Explicitly mention the need to consider the particular challenges of students in transition in discipline handbooks, policies and procedures. | | | P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Tammie Crumble, Students in Transition Coordinator; Jarrett Smith, Director of Alternative Education; Michael Triplett, Assistant Superintendent of Leadership and Accountability | |
| | 55 | Provide training for all staff responsible for supervising students on recognizing behaviors stemming from traumas related to and including homelessness. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: 8-31-2020 Completion Date: |
| | 56 | Take revised policies to Board of Education for approval. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator; Jarrett Smith, Director of Alternative | Deadline Date: 8-31-2020 Completion Date: |

18

| | | | | | |
|---|---|---|---|---|---|
| | | | Education; Michael Triplett, Assistant Superintendent of Leadership and Accountability | | |
| Require out-of-school suspensions to be a last resort for McKinney-Vento students. Administrators imposing out-of-school suspensions should document all prior interventions, including positive behavioral supports. | 57 | Provide training to all adults who interact with students and can refer students for discipline, and to administrators regarding considerations for discipline of homeless students. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator; Jarrett Smith, Director of Alternative Education; Michael Triplett, Assistant Superintendent of Leadership and Accountability | Deadline Date: 8-31-2020 Completion Date: | |
| | 58 | Develop written procedure for building administrators to notify SIT office prior to suspending SIT student and when a SIT student is involved in any level of official discipline at the school-level. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator; | Deadline Date: 11-30-2019 Completion Date: | |

19

| | | | | | |
|---|---|---|---|---|---|
| | | | | Jarrett Smith, Director of Alternative Education; Michael Triplett, Assistant Superintendent of Leadership and Accountability | |
| | 59 | Develop system for monitoring referrals to SIT office from building administrators and include in SIT Procedural Manual. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: 11-30-2019 Completion Date: | |
| | 60 | Distribute and provide training for building administrators on procedure to notify SIT office prior to suspending SIT student. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator; Jarrett Smith, Director of Alternative Education; Michael Triplett, Assistant Superintendent of Leadership | Deadline Date: 11-30-2019 Completion Date: | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | and Accountability | | |
| Monitor discipline data regularly to ensure appropriate implementation of these procedures. | 61 | SIT office to maintain discipline data for SIT students. | To be completed monthly<br><br>District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br>P. Julianelle Approval (after any needed revisions): | Tammie Crumble, Students in Transition Coordinator, Chaketa Riddle, Assistant Superintendent of Student Support Services | Monthly<br><br>Deadline Date: 11-30-2019 Completion Date: | |
| | 62 | Revise SIT Internal District Procedural Manual to include procedures for reviewing discipline data on an individual student basis, as well as school-wide and District-wide bases. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: 11-30-2019 Completion Date: | Discipline data for SIT students will be included on the monthly Principals' Meeting agenda. |
| Revise all documents, procedures and practices to ensure compliance with Board Policy JED ("The district will contact the Children's Division (CD)…or the local prosecutor in cases where the district | 63 | Develop written procedure to ensure that SIT students do not receive form letters regarding attendance issues. | District Draft Date: Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Tammie Crumble, Students in Transition Coordinator, Chaketa Riddle, Assistant Superintendent of Student Support Services | Deadline Date: 11-30-2019 Completed Date: | Remove coding specific to SIT students. |

| | | | | | |
|---|---|---|---|---|---|
| has a reasonable suspicion that a student's lack of attendance constitutes educational neglect…No such action will be taken unless other strategies and interventions have been implemented and proven ineffective.") | 64 | Develop written procedure to require building administrators and/or counselors to notify SIT office of attendance concern of SIT student. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Tammie Crumble, Students in Transition Coordinator, Chaketa Riddle, Assistant Superintendent of Student Support Services | Deadline Date: 11-30-2019 Completed Date: |
| Explicitly require consideration of homelessness and related transportation challenges before imposing discipline or withdrawing a student for lack of attendance. | 65 | Develop written procedure to ensure that SIT students do not receive form letters regarding attendance issues. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Tammie Crumble, Students in Transition Coordinator, Chaketa Riddle, Assistant Superintendent of Student Support Services | Deadline Date: 11-30-2019 Completed Date: |

| | | | | | |
|---|---|---|---|---|---|
| | 66 | Develop written procedure to require building administrators and/or counselors to notify SIT office of attendance concern of SIT student. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Tammie Crumble, Students in Transition Coordinator, Chaketa Riddle, Assistant Superintendent of Student Support Services | Deadline Date: 11-30-2019 Completion Date: | |
| | 67 | Revise SIT Internal Procedural Manual to ensure tracking and monitoring attendance of SIT students. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: 11-30-2019 Completion Date: | |
| Include in professional development the challenges homeless students face, their trauma, examples of the kinds of emotional and instructional support that is effective in assisting them, and the importance of using positive discipline and trauma-sensitive strategies with them. | 68 | Building administrators and counselors to participate in poverty simulation exercise. | | Chaketa Riddle, Assistant Superintendent of Student Support Services | 7-29-19<br><br>Deadline Date:<br><br>Completion Date: | Two-hour training by Community Action Agency of St. Louis County |
| | 69 | Develop plan for professional development. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle  Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 3-13-2020 Completion Date: | Plaintiffs' counsel will connect District with additional resources for meaningful professional development, including training on trauma-sensitive strategies, for the |

23

| | | | | | |
|---|---|---|---|---|---|
| | | | | Barbara Sharp, Professional Development Coordinator; Michael Tripplett, Assistant Superintendent of Leadership and Accountability | District's consideration. |

**TRAINING**

| Recommendation | | Action Step | | Responsible Party | Deadline Date & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| Modify all training and professional development to follow the McKinney-Vento Act, including upcoming changes in policies, particularly related to identification (signs of homelessness, full and correct definition of homelessness), immediate enrollment, and school of origin. | 70 | Create training PowerPoint. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Deadline Date: 11-30-2019 Completion Date: | |
| | 71 | Provide initial training to SIT office staff, building counselors, social workers and building front office staff, and develop schedule for annual training. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator | Ongoing: 7-29-19 8-5-19 Deadline Date: 1-31-2020<br><br>Completion date: | |

24

| | | | | | |
|---|---|---|---|---|---|
| | 72 | Provide initial training to building administrators, and develop schedule for annual training. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Woods, Tueth-Keeney | Ongoing:<br>7-29-19<br>8-5-19<br>Deadline date:<br>1-31-20<br>Completion Date: |
| | 73 | Develop professional development plan for Homeless Coordinator. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | Chaketa Riddle, Assistant Superintendent of Student Support Services, Tammie Crumble, Students in Transition Coordinator, Barbara Sharp, Professional Development Coordinator | Deadline Date:<br>12-20-20<br>Completion Date: |
| | 74 | Update RGSD website with updated information, documents and materials related to Students in Transition, and create plan for annual review of website information. | District Draft Date:<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date:<br>12-20-20<br>Completion Date: |

25

| | | | | | |
|---|---|---|---|---|---|
| | 75 | Complete the NCHE LEA Informal Needs Assessment. | | Chaketa Riddle, Assistant Superintendent of Student Support Services; Tammie Crumble, Students in Transition Coordinator | Deadline Date: 6-30-2020 Completion Date: |
| | 76 | Use the results of the NCHE LEA Informal Needs Assessment to identify 1 or 2 standards from the NCHE Standards and Indicators for Quality LEA McKinney-Vento Programs to focus on for programming during the 2020-2021 school year. | | Chaketa Riddle, Assistant Superintendent of Student Support Services; Tammie Crumble, Students in Transition Coordinator | Deadline Date: 8-1-2020 |

26

_____    _____

Mark Rosenbaum
Amanda Savage
PUBLIC COUNSEL
*Counsel for Plaintiffs*

_____    _____

Luz María Henríquez
Joel Ferber
Amanda Schneider
LEGAL SERVICES
OF EASTERN MISSOURI, INC.
*Counsel for Plaintiffs*

_____    _____

John C. Ulin
Caitlin Martini Mika
ARNOLD & PORTER
*Counsel for Plaintiffs*

_____    _____

Chaketa Riddle
Assistant Superintendent of
Student School and Communication
Support Services in the
Riverview Gardens School District

Date

27

# EXHIBIT C

THE STATE'S TIERED MONITORING PROCESS

| *Recommendation* | *Action Step #* | *Action Step* | *Notes* | *Responsible Party* | *Deadline & Completion Date* | *Plaintiffs' Team Comments* |
|---|---|---|---|---|---|---|
| Revise the questions on the student enrollment/registration form referenced in McKinney-Vento monitoring checklist item a., to be compliant with the McKinney-Vento Act's definition of homelessness. | 1 | The State Education Agency (SEA) revised and updated the questions on the student/enrollment registration form on its website at: https://dese.mo.gov/sites/default/files/qs-Homeless-Sample-Enrollment-Form-08-2019.pdf | State Draft Date: 8/16/2019<br><br>Plaintiffs' Reviewed Date: 8/30/2019<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date:<br><br>Completion Date: This step complete before final agreement on implementation plan | |
| Revise the monitoring checklist to incorporate outcome-based questions, rather than output-based questions, to measure | 2 | The SEA will incorporate outcome-based questions into the McKinney-Vento questions in the October and February Cycle of the Self-Monitoring Checklist monitored by its Federal Programs Supervisors and will begin educating SEAs about the new | State Draft Date: 10/10/2019 | | Deadline Date: DESE expects the first October Cycle question to be added by 9/15/2019. The | |

1

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| and ensure compliance. The checklist should require districts to provide evidence of the actual implementation of policies, particularly when the state has received multiple complaints about a particular district. | | requirements at upcoming conferences beginning this fall 2019.<br><br>The SEA will ask the following questions:<br><br>**October Cycle:**<br>1.  How does the Homeless Liaison learn about his/her responsibilities as the LEA Homeless Liaison under McKinney-Vento?<br>    **Evidence Sources:**<br>    • Kickstand Certificate (Required)<br>    • Certificates of Attendance signed by the State Coordinator<br>    • Certificate of Attendance from national conferences<br><br>2.   The LEA has a board-approved process for the resolution of disagreements about eligibility, school selection or enrollment, with procedures for homeless families and youth to appeal decisions made by the LEA, including written explanations, clearly defined processes and provision of services during the appeal.<br>    **Evidence Sources**<br>        • Copy of board-approved dispute resolution process | Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | second October Cycle question is an already existing questions, but with new evidence sources added.  The new evidence sources will be added by 9/15/2020.<br><br>DESE expects the February Cycle questions to be added by 11/15/2019.<br><br>Completion Date: DESE added the first October Cycle question by 9/15/2019. February Cycle questions added by 11/1/2019. | |

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | *Plaintiffs' Team Comments* |
|---|---|---|---|---|---|---|
| | | • Number of disputes about eligibility<br>• Number of disputes about enrollment<br>• Number of disputes about school choice<br>• Evidence the LEA implements the board approved dispute resolution process<br>• Evidence the students are enrolled and provided transportation during the dispute resolution process.<br><br>**February Cycle:**<br>1. The LEA ensures that homeless students are immediately enrolled in the school of choice and assisted with basic school requirements (e.g. record transfer, health and immunization records, and residency).<br>    **Evidence Sources:**<br>• Enrollment records with date of presentment and date of initial attendance (Required).<br><br>2. The LEA identifies unaccompanied youth, ensures they are enrolled in school, identifies and removes | | | | |

3

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | | barriers that prevent homeless youth from receiving appropriate credit for full or partial coursework satisfactorily completed while attending a prior school, and informs unaccompanied youth of their status as independent students and assists the unaccompanied homeless youth with applying to college, completing the FAFSA and verifying their status as independent students. **Evidence Sources:** <br> • UY Enrollment records with date of presentment and date of initial attendance <br> • Evidence of award of partial credits <br> • Evidence unaccompanied youth are notified of their independent status on the FAFSA and assisted with college access <br> • Review of academic and career plans for homeless youth. <br><br> 3. The LEA ensures enrollment in the school of origin when determined to be in the best interest of the child. <br>     **Evidence Sources:** <br> • School selection checklist <br> • Case notes | | | | |

4

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | | • Evidence that parents/youth are informed of their rights under McKinney-Vento (e.g., parent/youth signatures verifying receipt of rights, case notes)<br><br>4. The LEA ensures transportation to the school of origin.<br>    **Evidence Sources;**<br>• Transportation referral forms that include information relating to the date of the request for transportation and the date that transportation began.<br>• Transportation agreements between families and the LEA<br>• Inter-district transportation agreements<br><br>5. The LEA has current Board-adopted policies and procedures that ensure there are no barriers to the enrollment, attendance, and success of homeless children and youth.<br>**Evidence Sources:**<br>    • Copy of the current policy which is in a uniform format that parents can understand | | | | |

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | *Plaintiffs' Team Comments* |
|---|---|---|---|---|---|---|
| | | • Documentation showing board adoption date of the homeless policy<br>• Evidence of the LEA's review process and/or the policy service the LEA uses.<br><br>6. Homeless children and youths are enrolled in, and have a full and equal opportunity to succeed in, schools of that local educational agency.<br>**Evidence Sources:**<br>• Evidence homeless students receive Title I services<br>• Evidence homeless students receive Special Education Services<br>• Evidence homeless students are involved in activities such as clubs and athletics<br><br>(Adapted from Wisconsin Department of Public Instruction December 2018 McKinney-Vento Compliance Monitoring Requirements and Guiding Questions and with input from Patricia Julianelle). | | | | |
| | 3 | The Office of Quality Schools Federal Programs Section will acquire an electronic and centralized logging system for phone | State Draft Date: 10/10/2019 | | Deadline Date: DESE expects this logging system will be | |

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | | calls, letters and emails concerning McKinney-Vento questions, disputes, and informal complaints. The Federal Programs Staff will be able to log the inquirer's name, school district, and questions or concerns in the log system. The logging system will also allow the Federal Programs staff to identify if the inquiry was a phone call, letter, or an email. The log will have a list of items that are common concerns or that the Federal Programs section often gets notified about. The logging system will also allow for the inclusion of comments if the Federal Programs staff member feels more information is needed.

The logging system will allow for the files to be searched and categorized, therefore allowing the SEA to customize technical assistance to the LEAs. | Plaintiffs' Reviewed Date:

P. Julianelle Reviewed Date:

P. Julianelle Approval (after any needed revisions): | | implemented by 9/30/2019.

Completion Date: This logging system is now in use. | |
| | 4 | LEAs submit student level data in the Student Core files. The Student Core file includes data about the student, including enrollment, free and reduced lunch status, as well as homeless status. (Free and reduced lunch status is a marker for students in poverty.) DESE will use this data to determine which LEAs are potentially under | State Draft Date: 10/10/2019

Plaintiffs' Reviewed Date: | | Deadline Date: DESE expects this metric to be in operation by 11/15/2019

Completion Date: | |

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | | identifying homeless students. DESE will look at the free and reduced lunch count for the LEA and determine what 10% of the count would be. (The statistical norm of homeless students as a percentage of students in poverty is 10%.) If 10% of the free and reduced lunch count is higher than the total number of homeless students identified, this could be a sign that the LEA is under identifying. After pulling the data we will look at all LEAs identifying less than 7% of their free and reduced lunch count. (7% is used instead of 10% to account for a margin of error.) If the LEA's identified count is more than 7% there will appear to be no significant undercounting of homeless students. If an LEA's identification count is less than 7%, DESE will send a letter to the LEA asking it to explain why it is not serving closer to 10% of their free and reduced lunch count. Depending on the response from the LEA, DESE's Federal Programs Supervisors and State Homeless Coordinator would provide technical assistance concerning data collection and legal requirements. If it is an individual's behavior that is not allowing the LEA to identify all potentially homeless students, DESE will implement its 3 Level Response Model (Action Step #10). | P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | This metric has been developed | |

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | *Plaintiffs' Team Comments* |
|---|---|---|---|---|---|---|
| | | | | | | |
| | 5 | LEAs currently submit information to DESE that it can use to calculate (1) existing graduation rates as defined by federal law and dropout rates disaggregated by homeless status, and (2) attendance data disaggregated by homeless status. DESE will review this data for the 2019-20 school year, along with any available discipline data disaggregated by homeless status, to use as a baseline and then review the data in subsequent school years and assess whether any changes in these rates suggest a further investigation is warranted into these issues. If so, DESE will send a letter to the LEA asking it to explain why one or more of these rates has changed significantly. Depending on the response from the LEA, DESE's Federal Programs Supervisors and State Homeless Coordinator would provide technical assistance concerning data collection and legal requirements. If it is an individual's behavior that is not allowing the LEA to identify all potentially homeless students, DESE will implement its 3 Level Response Model (Action Step #10). | State Draft Date: 10/30/2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: DESE will review the rates for the 2019-20 school year and compare the rates for subsequent school years.<br><br>Completion Date: | |
| | 6 | With the new logging system (Action Step #3) and the new metric (Action Step #4), | State Draft Date: | | Deadline Date: | |

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | | DESE will be able to better analyze patterns and types of complaints coming in to the department. This will enable DESE to take appropriate action. | 9/16/2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | DESE expects this logging system to be implemented by 9/30/2019 and the new metric to be developed by 11/15/2019<br><br>Completion Date: The logging system is now in use. The new metric has been developed. | |
| | 7 | DESE tracks compliance with McKinney-Vento requirements through its Tiered Monitoring System, which requires LEAs to upload documents to demonstrate compliance, and through its new metric (Action Step #4). DESE's ability to determine compliance will be enhanced with the additional outcome-based questions and the logging system (Action Step #3). | State Draft Date: 9/16/2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any | | Deadline Date: DESE expects the additional questions to be added to the system by 11/15/2019, the logging system to be implemented by 9/30/2019, and the new metric to be developed by 11/15/2019 | |

10

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | | | needed revisions): | | Completion Date: The logging system is now in use. The new metric has been developed. The new questions were added by 11/1/2019 | |
| | 8 | Tiered Monitoring, the new logging system (Action Step #3), and the new metric (Action Step #4) will be used to track compliance status, intervention, and follow-up to achieve and confirm compliance. | State Draft Date: 9/16/2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: DESE expects the changes noted above to the Tiered Monitoring Process to be implemented by 11/15/2019, the logging system to be implemented by 9/30/2019, and the metric to be developed by 11/15/2019<br><br>Completion Date: The new logging system is now in use. The new metric has been developed. | |

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | 9 | The McKinney-Vento Coordinator has and will continue to train DESE personnel on its system for measuring and monitoring compliance and assessing evidence of actual implementation of policies and practices. | State Draft Date: 9/16/2019

Plaintiffs' Reviewed Date:

P. Julianelle Reviewed Date:

P. Julianelle Approval (after any needed revisions): | | Deadline Date: Training will occur before the changes go into effect.

Completion Date: Training has occurred and will be ongoing. | |
| When informal contact with a district does not change noncompliance, pursue other options to "ensure that local educational agencies comply with the requirements of subsection (e)(3) and paragraphs (3) through (7) of subsection (g)." | 10 | **3-Level Response Model:** SEA staff members receiving informal complaints (i.e., any complaint that is not a dispute resolution as defined in the McKinney-Vento Act) from parents/guardians/unaccompanied youth or others about the McKinney-Vento program will work with LEA staff and parents/ guardian/unaccompanied youth or others to address those complaints as expeditiously as possible.  Per the Family Educational Rights and Privacy Act (20 U.S.C. § 1232g(b)(1) | State Draft Date: 10/10/2019

Plaintiffs' Reviewed Date:

P. Julianelle Reviewed Date: | | Deadline Date:

Completion Date: This 3-Level Response Plan is now in place. | |

12

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | *Plaintiffs' Team Comments* |
|---|---|---|---|---|---|---|
| For example, this may include more intensive McKinney-Vento monitoring or consequences related to the district's Title I, Part A funding. | | and 34 C.F.R. § 99.30), DESE requires written consent from a parent/guardian or eligible (18 or over) student before it may speak with a third party on behalf of parent, guardian, or student. If a third party wishes to contact DESE and only discuss general concerns (*i.e.,* not disclosing personally identifiable information as defined in 34 C.F.R. § 99.30) a written consent would not be necessary.  DESE will attempt to resolve all such informal complaints within 30 days of receipt.<br><br>Informal complaints are documented and resolved in the following manner:<br>1. The McKinney-Vento State Coordinator contacts the Local Education Agency (LEA) Homeless Liaison via phone and/or email outlining the compliance issue(s) and gives guidance on the action steps needed for the LEA to be compliant with the Act.<br>2. The State Coordinator records information about contact and response in the logging system (Action Step #3).<br>3. If the LEA fails to be compliant after this initial contact, the Director of Federal Programs will contact the LEA via a phone call contacting both | P. Julianelle Approval (after any needed revisions): | | | |

13

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | *Plaintiffs' Team Comments* |
|---|---|---|---|---|---|---|
| | | the LEA Homeless Liaison and the Federal Program Director, again outlining the compliance deficiencies, and give guidance on a course of action needed by the LEA to obtain compliance. The LEA will have a deadline. | | | | |
| | | 4. If these steps fail to bring about action on the part of the LEA, the McKinney-Vento State Coordinator and/or the Federal Programs Director will inform the Assistant Commissioner from the Office of Quality Schools of the non-compliance of the LEA. | | | | |
| | | 5. The Assistant Commissioner will reach out to the LEA's Superintendent and will outline the non-compliance, the steps already taken, and the step(s) needed by the LEA to reach compliance. | | | | |
| | | 6. Consider possible sanctions, including but not limited to:<br>   a. Additional documentation requirements for the district to show its compliance progress<br>   b. Withholding ESEA Federal funds; | | | | |

14

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | *Plaintiffs' Team Comments* |
|---|---|---|---|---|---|---|
| | | c. Lowering accreditation ranking; or<br>d. Other appropriate sanctions. | | | | |
| | 11 | Both the new metric (Action Step #4) and the Tiered Monitoring System will measure compliance. The Tiered Monitoring System is specifically based on evidence Districts are required to produce. Federal monitoring staff are trained to look for information that will trigger additional inquiries. | State Draft Date: 10/10/2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: New metric will be developed by 11/15/2019<br><br>Completion Date: Tiered Monitoring System is already in place. The new metric has been developed. | |
| | 12 | DESE has a compliance system that tracks district response to compliance related questions. The system tracks corrective action requested from the SEA and district responses to the Corrective Action Plan (CAP). | State Draft Date: 9/16/2019<br><br>Plaintiffs' Reviewed Date: | | Deadline Date:<br><br>Completion Date: This compliance system is currently in place. | |

15

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | | | P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | | |
| **TRAINING AND TECHNICAL ASSISTANCE** | | | | | | |
| Revise trainings as necessary to reflect current law. | 13 | Trainings by the SEA, beginning in the 2019-20 school year, will be revised to reflect the current homeless definition as revised by ESSA. | State Draft Date: 8/16/2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: This action step is in process. Trainings by the SEA, beginning in the 2019-20 school year, will reflect the current homeless definition as revised by ESSA.<br><br>Completion Date: Trainings revised by Fall 2019 | |
| | 14 | | State Draft Date: | | Deadline Date: | |

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | | The SEA has updated its Homeless Children and Youth webpage with the ESSA definition of Homelessness.<br><br>See link below.<br>https://dese.mo.gov/quality-schools/federal-programs/homeless-children-youth | 8/16/2019<br><br>Plaintiffs' Reviewed Date: 8/30/2019<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Completion Date: This action is complete | |
| Revise "Sample Enrollment Form – MSIP 5 Resource and Process Standards G-5" to comply with the legal definition of homelessness. | 15 | The SEA has updated its "*Sample Enrollment Form – MSIP 5 Resource and Process Standards G-5*" to comply with the ESSA definition of homelessness under the McKinney-Vento Act. This has been updated on the SEA's website at: https://dese.mo.gov/sites/default/files/qs-Homeless-Sample-Enrollment-Form-08-2019.pdf | State Draft Date: 8/16/2019<br><br>Plaintiffs' Reviewed Date: 8/30/2019<br><br>P. Julianelle Reviewed Date: | | Deadline Date:<br><br>Completion Date: This action is complete | |

17

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | | | P. Julianelle Approval (after any needed revisions): | | | |
| Revise "Sample Residency Information Form" to comply with the legal definition of homelessness. | 16 | SEA staff determined the "*Sample Residency Information Form*" was a duplication of the form listed above. Therefore, it has been removed it from the SEA's website. | State Draft Date: 8/16/2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date:<br><br>Completion Date: This action is complete. | |
| Ensure the Standard Complaint Procedure is available on DESE's website. | 17 | The SEA corrected a missing link on its website. The *"DESE Homeless Dispute Resolution"* form is available on the web. Under Quick Links: | State Draft Date: 8/16/2019 and 9/16/2019 | | Deadline Date:<br><br>Completion Date: This action is complete (including making the changes as | |

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | | https://dese.mo.gov/quality-schools/federal-programs/homeless-children-youth | Plaintiffs' Reviewed Date: 8/30/2019 and 9/18/2019<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | noted by Ms. Juliannelle's 8/25/2019 amended recommendations) | |
| | 18 | Review and revise trainings as necessary to reflect current law at least once prior to implementing any training, beginning November 15, 2019, and as necessary subsequently upon changes to the law or upon receipt of new federal guidance. | State Draft Date: 10/30/2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date: | | Deadline Date: First review will be by 11/15/2019<br><br>Completion Date: Trainings have been updated and posted to DESE website. | |

19

| Recommendation | Action Step # | Action Step | Notes | Responsible Party | Deadline & Completion Date | Plaintiffs' Team Comments |
|---|---|---|---|---|---|---|
| | | | P. Julianelle Approval (after any needed revisions): | | | |
| | 19 | Review McKinney-Vento items on DESE website during the 2019-2020 school year to see that all items on website reflect current law and review and revise items on DESE website as necessary when changes to the law occur. | State Draft Date: 10/30/2019<br><br>Plaintiffs' Reviewed Date:<br><br>P. Julianelle Reviewed Date:<br><br>P. Julianelle Approval (after any needed revisions): | | Deadline Date: First website review will be during the 2019-2020 school year<br><br>Completion Date: | |

_____   _____
Mark Rosenbaum                Date
Amanda Savage
PUBLIC COUNSEL
*Counsel for Plaintiffs*

_____   _____
Luz María Henríquez          Date
Joel Ferber
Amanda Schneider
LEGAL SERVICES
OF EASTERN MISSOURI, INC.
*Counsel for Plaintiffs*

_____   _____
John C. Ulin                  Date
Caitlin Martini Mika
ARNOLD & PORTER
*Counsel for Plaintiffs*

_____   _____
Margaret Vandeven         Date
Commissioner of Education
Missouri Department of Elementary
and Secondary Education